**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **BEATRICE EAKELS** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER 10-657-RET-DLD** |
| **ALLSTATE INSURANCE COMPANY** | |

**MAGISTRATE JUDGE'S REPORT**

This matter is before the court on plaintiff's motion to remand (rec. doc. 5). Defendant consents to the motion to remand based on the post-removal stipulation signed by plaintiff. Plaintiff originally filed suit against defendant Allstate Insurance Company (Allstate) in the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana, for damages to her home caused by Hurricane Gustav and for bad faith handling of her claim. Defendant removed this matter based on diversity jurisdiction, 28 U.S.C. §1332, alleging that the parties are diverse and that the amount in controversy is satisfied. While the parties are diverse[1], defendant alleges that the amount in controversy is satisfied based on the policy limits of the homeowner's insurance policy, as opposed to the value of plaintiff's claim, which is insufficient to establish the amount in controversy. See *Hartford Ins. Group v. Lou-Con, Inc.,* 293 F.3d 908 (5th Cir. 2002); *Lee v. Empire Ins., et al,* 2009 WL 2160437 (E.D. La. 2009).[2]

---

[1] Plaintiff is a Louisiana citizen, and defendant is an Illinois corporation with its principal place of business in Illinois (rec. docs. 1, 1-2).

[2] Defendant also alleges that the fact that plaintiff seeks penalties for bad faith claims handling and fails to allege that her claim is less than $75,000 in her petition establishes that the amount in controversy is met.

Subsequent to removal, plaintiff entered into a binding stipulation wherein plaintiff agreed that the losses sustained and the damages claimed in the instant lawsuit do not exceed $75,000, and that she will neither request nor accept any amounts awarded in excess of $75,000 (rec. doc. 5-4, 5-5).  Based on the post-removal stipulation, plaintiff seeks to have this matter remanded.

While a plaintiff's post- removal stipulation to a lesser amount does not deprive the court of jurisdiction once obtained, (See, e.g., *Allen v. R & H Oil & Gas Company*, 63 F.3d 1326, 1336 (5th Cir. 1995)) a different situation arises when a post-removal affidavit is offered to clarify a previously uncertain jurisdictional issue, such as the amount in controversy. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000); *Asociacion Nacional de Pescadores a Pequena Escala O Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia, S.A.*, 988 F. 2d 559 (5th Cir.1993).  In *ANPAC,* the Fifth Circuit held that a post-removal affidavit stipulating that the claim did not exceed the jurisdictional amount may be referred to when the amount in controversy is not clear in the petition or the notice of removal.

The allegations in the petition are vague as to the type of damages sustained and the value of the loss.   Additionally, the allegations in the notice of removal do not establish that the amount in controversy exceeded the $75,000 jurisdictional minimum.  Thus, neither the petition nor the notice of removal allege facts that support that the amount in controversy was satisfied at the time of removal. And now, plaintiff has come forward with a stipulation that her damages are less than $75,000.00.

It is the defendant's burden to prove by a preponderance of the evidence that the jurisdictional minimum exists by demonstrating that it is facially apparent from the petition that the claim likely exceeds the jurisdictional amount or by setting forth facts in controversy

that support a finding that the requisite amount is satisfied. *Grant v. Chevron Phillips Chemical Co.*, 309 F.3d 864 (5th Cir. 2002); *Morton v. State Farm Ins. Co.*, 250 F.R.D. 273, 274 (E.D. La. 2008), citing *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999). In light of the uncertainty of the amount in controversy in the petition and notice of removal, defendant's failure to establish that the amount in controversy was satisfied, and the plaintiff's stipulation that the amount in controversy does not exceed $75,000, the court recommends that this matter be remanded to the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana, based on the lack of subject matter jurisdiction. Accordingly,

**IT IS RECOMMENDED** that plaintiff's motion to remand (rec. doc. 5) should be **GRANTED**, and this matter **REMANDED** to the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana.

Signed in Baton Rouge, Louisiana, on January 3, 2011.

                                                          **MAGISTRATE JUDGE DOCIA L. DALBY**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**BEATRICE EAKELS**                     **CIVIL ACTION**

**VERSUS**                              **NUMBER 10-657-RET-DLD**

**ALLSTATE INSURANCE COMPANY**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have 14 (fourteen) days from date of receipt of this notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on January 3, 2011.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**